MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 89
Docket:      Cum-19-450
Submitted
  On Briefs:  May 12, 2020
Decided:     June 18, 2020

Panel:       MEAD, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

STATE OF MAINE

v.

A.I.

JABAR, J.

[¶1]  The mother of A.I. appeals from an order of the juvenile court placing A.I. in the custody of the Department of Health and Human Services.  She argues that the juvenile court used the wrong standard of proof by applying the preponderance of the evidence standard rather than a clear and convincing evidence standard.  We disagree and affirm the juvenile court's order.

## I.  BACKGROUND

[¶2]  A.I. is a youth with a constellation of cognitive challenges.  A.I. had been detained—in oscillating fashion—in Long Creek Youth Development Center since the age of eleven and had been declared incompetent to stand trial several times.  *A.I. v. State*, 2020 ME 6, ¶ 14, 223 A.3d 910.  Prior to his detention, A.I. was in his mother's custody.

[¶3]  On September 6, 2019, the juvenile court (Portland, *Powers, J.*) issued an order finding that A.I. was not competent to stand trial in his then-pending juvenile matters and concluding that there was no substantial probability that A.I. would regain competence in the near future.

[¶4]  Pursuant to 15 M.R.S. § 3318-B (2020), the juvenile court held a dispositional hearing on September 24, 2019.  The court took judicial notice of the guardian ad litem's report, which recommended against placing A.I. in the custody of the Maine Department of Health and Human Services.  The court then heard from the Department's Children's Behavior Health Program Coordinator, who testified that A.I.'s challenges required residential care, but that his mother did not intend to continue having him placed in a residential treatment facility.  The court additionally heard from a Juvenile Community Corrections Officer who had worked with A.I. since 2016.  The officer testified that A.I. had several case management referrals, all of which were closed because his mother could not be reached or failed to engage with the Department.  The witnesses agreed that A.I.'s mother struggles to understand the severity of his behaviors.

[¶5]  The court then heard testimony from A.I.'s mother.  She explained that she would be leaving Maine in December and planned to take A.I. with her.

The court asked the mother, "You would take your son out of the [residential] program at the end of December because you have to move even if he needs more services there?" She responded, "Yeah, that's my plan. And you are the judge."[1]

[¶6] The court then heard testimony from the guardian ad litem, who stated, "I came to court prepared to recommend what I recommended in my report . . . . I'm concerned though about whether [the] mother would actually keep [A.I.] in his residential program . . . . So reluctantly, I think a safer course of action, although it's difficult, would be to place [A.I.] in State custody."

[¶7] The court announced that it would issue a written order and explained that it is "contrary to the welfare of the child for him to stay in his mother's custody currently. DHHS, over time, has made reasonable efforts to try to prevent removal of him from the home . . . . I'm placing [A.I.] in DHHS custody as of now."

[¶8] Following the dispositional hearing, the juvenile court issued an order placing A.I. in the Department's custody and dismissed all twelve pending juvenile complaints against A.I. The court applied a preponderance of the

---

[1] The mother explained, however, that if the court placed A.I. in Department custody, she would not move in December.

4

evidence standard to the Department's petition for custody of A.I. The court explained that the September 24, 2019, hearing presented it with three options. "It could take no action, it could order DHHS to evaluate the juvenile for mental health and behavioral services, or it could order the juvenile into DHHS custody under 15 M.R.S. § 3314(1)(C-1) [(2020)]." A.I.'s mother, the court expounded, "generally could not control him, and he often refused to obey the rules." The court determined that placing A.I. in the Department's custody represented the best way "to ensure that he is properly evaluated, treated, and monitored regarding his behavioral and mental health needs." The court added, "His mother is still free to see and communicate with him, but she will not be making legal and significant parental decisions until there is a custody change."

[¶9]  A.I.'s mother timely appealed on October 25, 2019. *See* 15 M.R.S §§ 3402(1)(B), 3405 (2020); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶10]  A.I.'s mother argues that the matter be remanded to the juvenile court so that findings[2] be addressed under a clear and convincing standard rather than a preponderance of the evidence standard.

---

[2]  A.I.'s mother does not challenge the juvenile court's findings that A.I. was not competent and that there was no substantial probability that A.I. would regain competence in the near future. *See* 15 M.R.S § 3318-B (2020).

[¶11]  Here, the juvenile court concluded that, absent specific statutory guidance, it would apply a preponderance of the evidence standard.  The court, in determining a juvenile disposition, must decide whether "continuation [in the juvenile's home] would be contrary to the welfare of the juvenile."  15 M.R.S. § 3314(1)(C-1) (2020).

[¶12]  Instructively, however, "we have held that judicial decisions affecting parenting rights *fall on a continuum* based on the nature and extent of the interests and rights affected, and the degree of finality of the different types of decisions."  *In re Child of Ryan F.*, 2020 ME 21, ¶ 21, 224 A.3d 1051 (quotation marks omitted).  Thus, for instance, because a court's termination of a person's parental rights "may lead to a complete and final severance of the parent's relationship with [a] child," that decision "is subject to a higher burden of proof—clear and convincing evidence."  *Id.* ¶ 22 (quotation marks omitted); *see also* 22 M.R.S. § 4055(B)(2) (2020).  By contrast, given the government interest in protecting a child from an immediate risk of harm and the lack of finality in a jeopardy determination in a child protection matter, the lower standard of proof by a preponderance of the evidence applies at that stage.  *In re Child of Ryan F.*, 2020 ME 21, ¶¶ 24-26, 224 A.3d 1051; *see* 22 M.R.S. §§ 4002(6), 4035 (2020).

[¶13]   A dispositional hearing, which is initiated to address a child's immediate welfare and results in an order that is revocable and modifiable and thus lacks finality, is more akin to a jeopardy proceeding in the child protection context than it is to a proceeding to terminate parental rights.  *See In re Child of Ryan F.*, 2020 ME 21, ¶ 25, 224 A.3d 1051; *compare* 22 M.R.S. § 4035(2) *with* 22 M.R.S. § 4055(1) (2020).  Here, in addition to the lack of finality of the order, the State holds a compelling interest in protecting the rights of the child.  *See In re Child of Ryan F.*, 2020 ME 21, ¶ 20, 224 A.3d 1051.  Accordingly, "the nature and extent of the interests and rights affected, and the degree of finality," in a dispositional hearing are distinguishable from those in a termination proceeding.  *See id.* ¶ 26 (quotation marks omitted).

[¶14]  We therefore conclude that A.I.'s dispositional hearing falls on the "less-intrusive end of [the] continuum."  *See id.* ¶¶ 21-24 (alteration in original) (quotation marks omitted).  Because the interests protected by a dispositional hearing are akin to the interests protected by a jeopardy hearing, and because the disposition is modifiable and not final, the juvenile court correctly applied the preponderance of the evidence standard when it determined whether to place A.I. in the custody of the Department.  *See id.*

The entry is:

Judgment affirmed.

---

Nathaniel Seth Levy, Esq., Portland, for appellant mother of A.I.

Jonathan Sahrbeck, District Attorney, and Christine Thibeault, Asst. Dist. Atty., Cumberland County District Attorney's Office, Portland, for appellee State of Maine

Portland District Court docket numbers JV-18-208, JV-18-229, JV-18-230, JV-18-288, JV-18-289, JV-18-290, JV-19-18, JV-19-19, JV-19-75, JV-19-76, JV-19-93, and JV-19-147
FOR CLERK REFERENCE ONLY